IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

```
KATHRYN T. HOLLIS,                      )
                        Plaintiff,      )
            and                         )
                                        )
ANDRÉ D. HOLLIS,                        )
                        Plaintiff,      )
            and                         )
                                        )
MAXWELL HOLLIS, an infant, by and       )
through his father and next friend,     )
ANDRÉ D. HOLLIS,                        )
                        Plaintiff,      )        Civil Action No. 1:15CV290
            v.                          )                        JCC/JFA
                                        )
LEXINGTON INSURANCE COMPANY             )
SERVE:   Corporation Service Company    )
         2711 Centreville Rd Ste 400    )
         Wilmington, DE  19808          )
                        Defendant,      )
            and                         )
                                        )
AXIS SURPLUS INSURANCE COMPANY,         )
d/b/a AXIS, AXIS INSURANCE, AXIS        )
CAPITAL, and/or AXIS U.S. INSURANCE     )
SERVE:   Carlton Wendell Maner, Pres.   )
         Axis Surplus Insurance Co.     )
         303 West Madison St. #500      )
         Chicago, IL 60606              )
                        Defendant,      )
            and                         )
                                        )
SCHAEFER PYROTECHNICS, INC.,            )
SERVE:   Kimmel R. Schaefer, Pres.      )
         Schaefer Pyrotechnics, Inc.    )
         376 Hartman Bridge Road        )
         Ronks, PA 17572-9513           )
                        Defendant,      )
                                        )
                                        )
```

```
KIMMEL R. SCHAEFER,                    )
SERVE:    Kimmel R. Schaefer, Pres.    )
          Schaefer Pyrotechnics, Inc.  )
          376 Hartman Bridge Road      )
          Ronks, PA 17572-9513         )
                        Defendant,     )
              and                      )
                                       )
JACQUELINE M. GASS,                    )
SERVE:    Ms. Jacqueline M. Gass       )
          351 Powell Drive             )
          Lancaster, PA 17601-3969     )
                        Defendant.     )
_____ )
```

## COMPLAINT FOR DECLARATORY JUDGMENT

The Plaintiffs, ANDRÉ D. HOLLIS, KATHRYN T. HOLLIS, and MAXWELL HOLLIS (collectively, "Hollises"), by counsel and pursuant to the Declaratory Judgment Act, 28 U.S.C.S. § 2201, *et seq.*, state:

<u>Parties</u>

1.      The Plaintiffs, ANDRÉ D. HOLLIS and KATHRYN T. HOLLIS are the parents of MAXWELL HOLLIS, age 10, and Alex Hollis.

2.      Upon information and belief, the Defendant, LEXINGTON INSURANCE COMPANY ("Defendant Lexington") is a Delaware stock corporation with a principal place of business in Boston, Massachusetts, in the business of providing insurance.

3.      Upon information and belief, the Defendant, AXIS SURPLUS INSURANCE COMPANY, d/b/a AXIS, AXIS INSURANCE, AXIS CAPITAL, and/or AXIS U.S. INSURANCE ("Defendant Axis") is a corporation with a principal place of business in Chicago, Illinois, in the business of providing insurance.

4.     The Defendant, SCHAEFER PYROTECHNICS, INC. ("Defendant Schaefer"), is a Pennsylvania corporation engaged in the business of selling commercial fireworks and operating commercial fireworks displays.

5.     The Defendant, KIMMEL R. SCHAEFER ("Defendant President"), is a resident and domiciliary of Pennsylvania, and was the President of Defendant Schaefer at all times herein.

6.     The Defendant, JACQUELINE M. GASS ("Defendant Gass"), is a resident and domiciliary of Pennsylvania, and was an employee of Defendant Schaefer at all pertinent times herein.

Jurisdiction and Venue

7.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

8.     Venue in this District is proper under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

Insurance Policies

9.     Defendant Lexington issued an insurance policy to Defendant Schaefer in Pennsylvania, a true and accurate copy of which is attached hereto as EXHIBIT 1 ("The Primary Policy").

10.    Defendant Axis issued an excess liability insurance policy to Defendant Schaefer in Pennsylvania, a true and accurate copy of which is attached hereto as EXHIBIT 2 ("The Excess Policy").

11.    Defendant Schaefer, Defendant President and Defendant Gass are and were

3

insured under both policies at all pertinent times herein.

Statement of the Case

12.     The Hollises bring this present action for declaratory judgment pursuant to 28

U.S.C.S. § 2201 *et seq.*, solely to determine insurance coverage under The Primary Policy for

certain tort claims they have against Schaefer Defendants, as more fully described below and in

EXHIBITS 3 through 7 hereto, and *not* to resolve liability as to their substantive tort claims.

13.     Kathryn Hollis, Alex Hollis and Max Hollis were injured on July 4, 2007 at the

Town of Vienna Fireworks Show operated by Schaefer Defendants, in a "barrage cake"

explosion, due to Defendants' numerous torts. Kathryn Hollis filed a lawsuit against the

Schaefer Defendants and obtained a jury verdict and judgment against Defendant Schaefer and

Defendant President in her own right, for her own personal injuries, in the amount of $4,750,000

(collectively, "Kathryn Hollis Lawsuit"). A true and accurate copy of her complaint, as

amended, is attached as EXHIBIT 3, and the judgment in the Kathryn Hollis Lawsuit is attached

as EXHIBIT 4. Mrs. Hollis' complaint in the Kathryn Hollis Lawsuit is incorporated by

reference as if fully set forth herein, solely for the purpose of evidencing the specific facts,

alleged breaches of duty, and controversy between the parties upon which her tort claims were

based.

14.     The separate, independent and discrete breaches of duty alleged to have been

committed by Schaefer Defendants, as more fully set forth in EXHIBIT 3, included but are not

limited to:

a.     Intentionally violating U.S. Department of Transportation Pipeline and

Hazardous Materials Safety Administration requirements on importing explosives, and importing

4

such explosives when they were not reviewed, safety tested, and approved as required by federal law;

      b.      Disregarding a manufacturer's warning label on the barrage cakes as to the correct distance to separate spectators from such explosives;

      c.      Disregarding the known failure rate of barrage cakes generally in taking safety precautions including but not limited to product stabilization measures, crowd shielding measures or crowd separation distances;

      d.      Disregarding prior misfires and product failures at the Town of Vienna site over the prior annual Fourth of July shows in taking safety measures;

      e.      Establishing a "Safety Line" for fireworks spectators in a location which they knew or should have known was within the range of the longest trajectory of the largest fireworks being used;

      f.      Failing to test explosive products after delivery and before deployment for use;

      g.      Participating in an ultrahazardous or abnormally dangerous activity;

      h.      Negligence in hiring, supervising, and/or training employees handling dangerous instrumentalities such as fireworks;

      i.      Negligence in failing to follow all appropriate federal and state laws and regulations;

      j.      Negligence in failing to establish appropriate safety set backs;

      k.      Negligence in failure to warn of the possibility of known dangers;

      l.      Negligence in selection and purchase of the fireworks;

5

        m.      Negligence in failing to take appropriate measures to protect spectators from fireworks failures;

        n.      Gross negligence in making a deliberate decision not to take any action in response to repeated notices in 1997, 2001, 2002, 2003, 2004 and 2005 of problems with the Vienna Fireworks Show and that Waters Field was an inappropriate location to have a public fireworks displays of the scope and composition of the Vienna Fireworks Show;

        o.      Gross negligence in expressed indifference to repeated problems in previous displays;

        p.      Maintaining a public nuisance;

        q.      Breach of express warranty;

        r.      Breach of implied warranty;

        s.      Negligent design, manufacture and failure to recall; and

        t.      All other breaches of duty set forth in EXHIBIT 3.

15.      The judgment in the Kathryn Hollis Lawsuit was satisfied by Defendant Lexington and Defendant Axis. The Hollises do *not* seek to re-litigate the underlying substantive tort liability in this declaratory action.

16.      Mr. and Mrs. Hollis' eldest son, Alex Hollis, was also injured by the "barrage cake" explosion, due to Defendants' torts. He filed a lawsuit against the Schaefer Defendants and has already obtained a jury verdict and judgment against Defendant Schaefer and Defendant President in the amount of $45,000 for his injuries (collectively, the "Alex Hollis Lawsuit"). A true and accurate copy of Alex Hollis' complaint, as amended, is attached as EXHIBIT 5, and the judgment in the Alex Hollis Lawsuit is attached as EXHIBIT 6. Alex Hollis' complaint in the

Alex Hollis Lawsuit is incorporated by reference as if fully set forth herein, solely for the purpose of evidencing the specific facts, alleged breaches of duty, and controversy between the parties upon which his tort claims were based. The judgment was satisfied by Defendant Lexington and Defendant Axis. The Hollises do *not* seek to re-litigate the underlying substantive tort liability in this declaratory action.

17.     Concurrently with this action, Mr. and Mrs. Hollis served a new tort action as parents of their youngest son, Max Hollis, for recovery of Max's medical expenses in the Fairfax County Circuit Court against Schaefer Defendants and others, namely *Hollis et al. v. Schaefer Pyrotechnics, Inc.*, et al., Case No. CL 2013-19054 (Fairfax County Circuit Court 2013) (hereinafter, "Parents' Claim for Minor Medical Expenses"). A copy of Mr. and Mrs. Hollis' complaint in the Parents' Claim for Minor Medical Expenses case is attached hereto as EXHIBIT 7 and is incorporated by reference as if fully set forth herein, solely for the purpose of evidencing the specific facts, alleged breaches of duty, and controversy between the parties upon which the Hollises tort claims for minor medical expenses are based. The Hollises do *not* seek to resolve the underlying substantive tort liability in this declaratory action, only the issue of coverage.

18.     At a future date, Max Hollis will also file tort claims against Schaefer Defendants in his own right, arising out of the foregoing facts in EXHIBITS 3 through 7 ("Max Hollis' tort claims"). The statute of limitations for Max Hollis' personal claims is presently tolled due to his minority. The Hollises do *not* seek to resolve the underlying substantive tort liability in this declaratory action, only the issue of coverage.

### The Present Coverage Dispute

19.     A present, a controversy exists as to whether insurance coverage exists under The

Primary Policy for the Parents' Claim for Minor Medical Expenses (EXHIBIT 7) and Max Hollis' tort claims for his own injuries, and if so, in what amount.

20.     The Primary Policy has an "EACH OCCURRENCE LIMIT" of $1,000,000. The policy purports to define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

21.     Specifically, a question exists as to whether or not the separate tortious acts of Schaefer Defendants, as more fully set forth in EXHIBITS 3 through 7, which culminated in separate injuries to Kathryn Hollis, Alex Hollis and Max Hollis are *each* a distinct "OCCURRENCE" for purposes of The Primary Policy, or whether *all the torts* and *all the injuries* claimed by *all the Hollises* are a *single* "OCCURRENCE." The resolution of this question will determine whether and to what extent coverage is available for the Parents' Claim for Minor Medical Expenses and Max Hollis' tort claims.

### COUNT I – DECLARATORY JUDGEMENT
(All Defendants)

22.     The foregoing paragraphs are incorporated by reference as if fully set forth herein.

23.     This Court has jurisdiction to issue declaratory judgments concerning insurance coverage pursuant to the Declaratory Judgment Act, 28 U.S.C.S. § 2201 *et seq.*, whether or not consequential relief is, or at the time could be, claimed.

24.     A present, a controversy exists as to whether or not insurance coverage exists under The Primary Policy for the Hollises' tort claims and to what extent Defendant Lexington has a duty to indemnify the Schaefer Defendants. The Hollises have actual, present rights of action which implicate coverage under The Primary Policy. A substantial controversy exists as

8

to whether or not and to what extent the Hollises' claimed damages would be covered under The Primary Policy. Declaratory relief is necessary to settle resolve the question of coverage to eliminate uncertainty.

25.     Upon information and belief, Defendants Axis, Schaefer, President and Gass are necessary parties.

26.     The Primary Policy issued by Defendant Lexington has an "EACH OCCURRENCE LIMIT" of $1,000,000. The policy purports to define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

27.     Under Pennsylvania law, insurance policies are construed in favor of the insured to further the contract's prime purpose of indemnification and against the insurer (Defendant Lexington), as the insurer drafts the policy and controls coverage.

28.     The tortious acts alleged to be committed by Schaefer Defendants as more fully set forth in paragraph 14 above, each constitute separate a "OCCURRENCE.", including but not limited to for the following reasons:

        a.      The injuries claimed by Kathryn Hollis, Alexis Hollis and Max Hollis are separate injuries.

        b.      The injuries claimed by Kathryn Hollis, Alexis Hollis and Max Hollis do not arise out of a single "one occurrence or offense, or . . . any [one] wrongful act, error or omission." Rather, Schaefer Defendants are alleged to have committed *multiple* independent and discrete breaches of duty, as more fully set forth in paragraph 14 above;

        c.      The injuries claimed by Kathryn Hollis, Alexis Hollis and Max Hollis are

9

attributed to separate and intervening human acts by Schaefer Defendants.  Some are negligent and some are intentional.

        d.      These wrongful acts are temporally and geographically distinct.

        e.      The separate tortious acts of Schaefer Defendants claimed by Kathryn Hollis, Alexis Hollis and Max Hollis each increased the insured's exposure to liability.

        f.      The separate tortious acts of Schaefer Defendants claimed by Kathryn Hollis, Alexis Hollis and Max Hollis each increased Kathryn Hollis, Alexis Hollis and Max Hollis' exposure to harm.

        g.      The separate tortious acts of Schaefer Defendants claimed by Kathryn Hollis, Alexis Hollis and Max Hollis each increased the degree of risk of Schaefer Defendants' activities.

        h.      The injuries to Kathryn Hollis, Alexis Hollis and Max Hollis are not "an accident" (singular) but rather discrete harms to three different individuals.

        i.      The injuries to Kathryn Hollis, Alexis Hollis and Max Hollis are not "continuous or repeated exposure to substantially the same general harmful conditions", but rather separate exposures to three different people.

        j.      For such other and further reasons ascertained during investigation and discovery of this matter.

    29.      The parties herein have specific adverse claims based on present facts which are ripe for judicial adjustment.

    30.      The Declaratory Judgment Act is remedial in nature and is to be liberally interpreted to afford relief from uncertainty and insecurity with respect to legal relations.

WHEREFORE, the Plaintiffs, ANDRÉ D. HOLLIS, KATHRYN T. HOLLIS, and MAXWELL HOLLIS, respectfully request the following relief:

1.    A declaratory judgment against Defendants LEXINGTON INSURANCE COMPANY, AXIS SURPLUS INSURANCE COMPANY, SCHAEFER PYROTECHNICS, INC., KIMMEL R. SCHAEFER, and JACQUELINE M. GASS, as to whether the torts and injuries claimed by the Hollises in the Parents' Claim for Minor Medical Expenses and Max Hollis' tort claims are each a separate "occurrence" or whether they are the same "occurrence" pursuant to The Primary Policy;

2.    A judgment for their the Hollises' costs;

3.    For such other and further relief the Court deems necessary.

ANDRÉ D. HOLLIS
KATHRYN T. HOLLIS
MAXWELL HOLLIS

By: _____
                    Counsel

Scott A. Surovell, Esq., VSB #40278
Nathan D. Rozsa, Esq., VSB #77268
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, Suite 200
Fairfax, VA 22030
Telephone 703.251.5400
Facsimile 703.591.9285
ssurovell@siplfirm.com
nrozsa@siplfirm.com
Counsel for Hollis Family

## Listing of Attached Exhibits

EXHIBIT 1    Lexington Commercial General Liability Policy No. 6990200 (2007).

EXHIBIT 2    Axis Excess Liability Policy No. EAU706163/01/2007 (2007).

EXHIBIT 3   *Kathryn Hollis v. Schaefer Pyrotechnics, Inc. et al.*, Kathryn Hollis Fourth Amended Complaint, CL 2009-2346 (Fairfax County Circuit Court 2009).

EXHIBIT 4   *Kathryn Hollis v. Schaefer Pyrotechnics, Inc. et al.*, Final Judgment, CL 2009-2346 (Fairfax County Circuit Court 2009).

EXHIBIT 5   *Alexander Hollis v. Schaefer Pyrotechnics, Inc. et al.*, Alex Hollis Fourth Amended Complaint, CL 2009-2345 (Fairfax County Circuit Court 2009).

EXHIBIT 6   *Alexander Hollis v. Schaefer Pyrotechnics, Inc. et al.*, Final Judgment, CL 2009-2345 (Fairfax County Circuit Court 2009).

EXHIBIT 7   *Hollis et al. v. Schaefer Pyrotechnics, Inc. et al.*, Parents' Claim for Minor Medical Expenses – Complaint, CL 2013-2013-19054 (Fairfax County Circuit Court 2013).

.